UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                :
HAREEM JONES,                                                   :
                                                                :  **MEMORANDUM**
                                              Plaintiff,        :  **DECISION AND ORDER**
                                                                :
              - against -                                       :  10 civ. 5387 (BMC)
                                                                :
CITY OF NEW YORK, et al.,                                       :
                                                                :
                                              Defendants.       :
                                                                :
                                                                :
-------------------------------------------------------------- X

**COGAN, District Judge.**

This is an action under 42 U.S.C. § 1983 alleging false arrest and related claims arising out of plaintiff's arrest for drinking in public and resisting arrest. Defendants have moved to sever plaintiff's claim against the City of New York under Monell v. Dep't of Social Services, 436 U.S. 658 (1978), from the claims against the officers who arrested him. The motion is granted.

The "custom, policy and practice" of which plaintiff is complaining is one of extraordinary breadth – fabricating evidence, generating phony arrests to meet arrest quotas, and violation of a consent decree involving arrests based on public observations in a more than 30-year old case. Plaintiff attempts to minimize the scope of discovery by asserting that since the City of New York has been sued for these kinds of things before, it must have this discovery at its fingertips. I am not at all convinced. The scope of the policy that plaintiff attacks is so broad that enormous resources would need to expended to compile it, and I have little doubt that attempting to meet that discovery would involve the Court and the parties in substantial effort.

Plaintiff asserts that this will happen anyway, as even if the individuals officers are found not liable on qualified immunity grounds, that will not eliminate the Monell claim. That is true, and perhaps it would be significant if plaintiff was stipulating to qualified immunity, but of course he is not. That leaves several alternative scenarios under which Monell liability would become immaterial. For example, a jury might credit the officers' version of the events leading to the arrest, rather than plaintiff's, and find that there was no constitutional violation at all. That would eliminate the Monell claim. Alternatively, the jury might credit plaintiff's version of the events, find that the officers had violated his constitutional rights, and award damages in an amount which the officers would pay or upon which execution could be had. Since plaintiff can only get paid once, that would also eliminate the Monell claim. Another alternative would be if plaintiff recovered a very substantial judgment against the officers, which they could not satisfy out of personal assets, but for which the City would indemnify them and therefore pay plaintiff. Again, plaintiff's Monell claim would be moot at that point.

It would be one thing if plaintiff had sculpted a Monell claim as to which discovery could be reasonably cabined. But with a policy attack this broad, the resources necessary to prepare that claim for trial would dwarf the relatively minimal discovery necessary to resolve the narrow question of what happened at this single incident. Plaintiff, on the other hand, will not be in the least prejudiced by deferring discovery on the main claim until after the facts here are established.

2

The motion to sever is therefore granted, and discovery on the <u>Monell</u> claim is stayed pending determination of the claims against the individual officers.

**SO ORDERED.**

Signed electronically/Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
March 27, 2011